IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 03 1998

Michael N. Milby, Clerk

| | |
|---|---|
| DENNIS THURL DOWTHITT, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-98-3282 |
| § | |
| GARY L. JOHNSON, Director, § | |
| Respondent. § | |

# MEMORANDUM AND ORDER

This case is before the Court on Dennis Thurl Dowthitt's Motion for Reconsideration of the Court's prior order denying his motion for stay of execution and requiring that his Petition for Writ of Habeas Corpus be filed by December 30, 1998 [Doc. # 13] and on Dowthitt's Motion for Leave to Proceed *Ex Parte* with regard to his request for funding to hire an investigator and to retain experts [Doc. # 14]. Based on the Court's review of the record and a correct reading of applicable legal authorities, the Court denies the Motion for Reconsideration and schedules a hearing on the request for investigative and expert services.

## I. REQUEST TO DELAY FILING PETITION FOR WRIT OF HABEAS CORPUS UNTIL LAST DAY OF STATUTE OF LIMITATIONS

Dowthitt requested that he be permitted to delay filing his Petition for Writ of Habeas Corpus until the last date of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In support of his motion that the Court reconsider the denial of that request, Dowthitt cites a recent decision from the United States Court of Appeals for the Fifth Circuit, *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). In

*Davis*, the Fifth Circuit held that the AEDPA's one-year deadline operates as a statute of limitations. This holding, however, does not support Dowthitt's request that he be permitted to delay filing his petition until the final day of the limitations period. In *Davis*, there was no issue concerning an execution date set by the state using its ordinary procedures. In sum, the *Davis* holding is not dispositive of the issue before this Court.

Petitioner seeks a ruling that the Court should exercise control over a state's execution of a prisoner sentenced to death without regard to the merits of the legal issues or facts of the specific case. This request has no support in the habeas corpus context or in civil cases generally. Frequently there exist extrinsic circumstances that prompt an individual to file a lawsuit complaint prior to the expiration of the statute of limitations on his claims. A statute of limitations serves only as the outer time limit for filing a claim, and that limit is often not absolute.

In this case, the Court finds that Dowthitt has sufficient time to file his initial petition for writ of habeas corpus by the Court's December 30, 1998 deadline. Dowthitt's Motion for Reconsideration is denied.

## II.   REQUEST FOR STAY OF EXECUTION

Dowthitt also requests that the Court stay his execution, which is currently scheduled for January 12, 1999, prior to the filing of his petition for writ of habeas corpus. In support of his Motion for Reconsideration of the Court's denial of this request, Dowthitt cites *McFarland v. Scott*, 512 U.S. 849 (1994), as "entitl[ing] him to a stay of execution before he files his very first federal habeas petition." Motion to Reconsider, at 7.

*McFarland* holds that the Court has jurisdiction to issue a stay of execution prior to the filing of the original petition. *McFarland*, 512 U.S. at 858. The Supreme Court clearly stated, however, that its decision "by no means grants capital defendants a right to an automatic stay of execution. Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court. Under ordinary circumstances, a capital defendant presumably will have sufficient time to request the appointment of counsel and file a formal habeas petition prior to his scheduled execution." *Id.*

In this case, Dowthitt has had counsel appointed since October 14, 1998. Dowthitt's execution is scheduled for January 12, 1999. The Court will have an adequate opportunity before that date to review his petition for writ of habeas corpus that must be filed by December 30, 1998. The Court will be able to issue a stay of execution, if appropriate.

### III. MOTION FOR LEAVE TO PROCEED *EX PARTE* FOR INVESTIGATIVE OR EXPERT SERVICES

Dowthitt seeks leave to proceed *ex parte*, *in camera*, and on a sealed record in connection with any applications he later files for authorization of investigative and/or expert expenses. The AEDPA amended 21 U.S.C. § 848(q)(9) to require a "proper showing . . . concerning the need for confidentiality" before a court may consider *ex parte* proceedings, communications, or requests. The Court notes that the statute specifically requires a showing of the need for confidentiality.[1] The Court concludes that this requirement has not been

---

[1] Having determined that the statute is clear, the Court need not consider the conflicting legislative history discussed by both parties in their briefing.

3

satisfied by Dowthitt's conclusory assertions of the attorney-client or work product privileges.

**General Procedure.**-- In support of his request, Dowthitt cites an unpublished decision from the United States District Court for the Northern District of California, *Mitcham v. Calderon*, No. C-94-2854 (N.D. Cal. December 20, 1996). (A copy of that opinion is appended to this decision for reference.) The procedure adopted by the California court is a sensible and equitable method to implement § 848(q)(9). The Court will adopt a similar procedure in future capital habeas cases over which it presides when a petitioner desires to have an expense authorization application considered by the Court *ex parte*. The petitioner must file and serve a brief motion seeking generally authorization for investigative or expert expenses, and must include a short case-specific statement of the need for confidentiality. The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (*e.g.*, innocence) for which the services are necessary. Simultaneously, the petitioner must file *ex parte* and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of fees or expenses likely to be incurred. The petitioner must provide factual support for the funding request. The motion, but not the application with supporting materials, must be served on the respondent. If the Court concludes that the petitioner has established good cause for confidentiality as required by § 848(q)(9), the Court will maintain the application (and supporting materials) under seal and will consider the merits of the request. Otherwise, the Court will give the petitioner the option of (i) withdrawing the application and having all

associated materials returned to the petitioner or (ii) filing the application publicly and serving a copy on the respondent. The respondent will not be given an opportunity to comment on the detailed application or issues raised therein unless the Court so orders.

**Procedure for Case at Bar**.-- The Court concludes, however, that the foregoing procedure should be condensed in this case in light of its procedural posture. Dowthitt's habeas attorney likely has known that she would seek a funding request for investigative and expert services since 1997, when she became involved in Dowthitt's case (*see* Motion for Appointment of Counsel [Doc. # 3], at 2), which was after a similar request had been denied in the state proceedings. This habeas matter has been carried as an open case on the Court's docket since September 28, 1998, when Petitioner filed a motion for appointment of counsel and counsel filed a Statement of Willingness to Accept Appointment. See Docs. # 2 and 3. Counsel of record who apparently represented Petitioner in prior proceedings, was formally appointed to represent Dowthitt in this federal proceeding by Order entered October 14, 1998. Counsel inexplicably delayed filing the motion to proceed *ex parte* for investigative/expert services until November 19, 1998. Despite an awareness of the procedures utilized by the Northern District of California, which include a requirement to file a detailed funding application contemporaneously with the filing of the motion to proceed *ex parte*, Petitioner still has not filed any such request.

Although Dowthitt's current filings do not satisfy the requirement that he make a proper showing of the need for confidentiality, the Court has scheduled a hearing at which Dowthitt's counsel will be granted another opportunity to make, orally and in open court, the

showing of the need for confidentiality required by § 848(q)(9). If the threshold requirements of § 848 are satisfied, counsel will be permitted at that point during the hearing to make an oral *ex parte* funding request for investigative and expert services. All proceedings at the hearing will be conducted on the record, with the transcript of the *ex parte* portions of the hearing filed under seal, if confidentiality is deemed appropriate. At this time, there appears no reason to extend the deadline for the filing of Dowthitt's original petition for writ of habeas corpus.

## IV. CONCLUSION AND ORDER

There appear no unusual circumstances in this case that remove it from the typical situation described in *McFarland* in which a capital defendant files his petition for writ of habeas corpus prior to the scheduled execution date and the court, at that time, issues a stay of execution if appropriate. Dowthitt has ample opportunity to file his petition by the December 30, 1998 deadline. Thereafter, the Court promptly will review Dowthitt's petition and the accompanying request for a stay of execution. The twelve days between the deadline for the petition and the scheduled execution date provides the Court with adequate time to accomplish this important task.

Dowthitt has failed, on the current record, to satisfy the requirements of 21 U.S.C. § 848(q)(9) for proceeding *ex parte* with requests for funding for investigative or expert services. The Court grants counsel for Dowthitt another opportunity to make the proper showing of the need for confidentiality at the upcoming pretrial conference. Accordingly, it is hereby

11/14/98   15:24   ☎                                                                    ⌀001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN LOUIS MITCHAM, | ) | No. C 94-2854 SBA |
| Petitioner, | ) ) | MEMORANDUM AND ORDER RE: RETROSPECTIVITY AND |
| vs. | ) ) | APPLICATION OF 21 U.S.C. §848(q)(9) AND 28 U.S.C. |
| ARTHUR CALDERON, in his capacity as Warden of California State Prison at San Quentin, | ) ) ) ) | §2244(d)<br><br>DEATH PENALTY CASE |
| Respondent. | ) ) | |

## INTRODUCTION

Petitioner, Stephen Louis Mitcham, is a California prisoner sentenced to death. Counsel has recently been appointed. No petition is yet on file.

Presently before the court is the parties' court-ordered briefing on the issue of retrospectivity and application of 21 U.S.C. §848(q)(9) and 28 U.S.C. §2244(d) as amended by the 1996 Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"). The question presented is whether and how the Act applies retrospectively such that it governs: (1) investigative funding requests by petitioner, and (2) the filing date for petitioner's habeas petition.

Upon consideration of the briefs and arguments of both parties, the court enters the following memorandum and order.

**ORDERED** that Dowthitt's Motion for Reconsideration [Doc. # 13] is **DENIED**. It is further

**ORDERED** that counsel for Dowthitt and for Respondent shall personally appear before the Court at the previously scheduled conference on December 3, 1998, at 3:00 p.m. for further proceedings in accordance with this Memorandum and Order.

SIGNED this **2nd** day of **December**, **1998**, at Houston, Texas.

_____
NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

way to justify proceeding ex parte. If petitioner cannot establish a need for confidentiality, public proceedings are likely the more appropriate course anyway.[6]

Thus, because the new law would not change the legal consequences of any relevant past conduct and is procedural in nature, the court concludes that it may be applied in this case.

### 3. Respondent's Participation in Determining the Need for Confidentiality

The court next turns to the issue of whether § 848(q)(9) allows respondent to participate in determining the need for confidentiality. Petitioner asserts the provision requires only a threshold showing of a need; thus, his requests to proceed ex parte may be filed and determined ex parte. To do otherwise, according to petitioner, would risk disclosure of the very materials he seeks to protect. Instead, all that is required is for the court to consider the need for proceeding confidentially before doing so.

Respondent asserts that § 848(q)(9) "implicitly authorizes" respondent's participation not only in determining the need for confidentiality but also in determining whether funds should be granted. Respondent suggests that allowing participation will make funding proceedings more efficient. Moreover, he asserts, petitioner's concern about the disclosure of confidential information is meritless because

---

[6] Because the court concludes that amended §848(q)(9) may be applied to this case, it need not address whether the law affects only "prospective relief" or is merely "jurisdictional," as respondent urges.

all of petitioner's claims should have been exhausted in state court, so there should be nothing new to disclose.

The court is compelled to reject respondent's position for the following reasons. First, as a representative of the state, respondent has no interest in the allocation of <u>federal</u> funds. The new law does not purport to confer such an interest on respondent. Without such an interest, no process is due respondent before the court adjudicates funding issues. <u>Cf.</u>, <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (when statute confers a protected interest, due process requires an opportunity to be heard before depriving the party of the interest).

Second, as a practical matter, the court will often have to examine the contents of the proposed funding application to determine whether the required showing under §848(q)(9) has been made. There is little respondent can meaningfully add to the inquiry without disclosure of the confidential materials. Such an outcome is at odds with the apparent Congressional purpose to permit confidential proceedings when justified.

The court also rejects respondent's argument that confidentiality is unnecessary because petitioner's claims should be fully exhausted. A petitioner who has completed state court proceedings may often discover new lines of investigation, resulting in entirely new claims, once he has invoked federal jurisdiction. The investigation also may uncover new facts related to existing claims. Respondent thus should not be privy to petitioner's strategy at this stage of the litigation.

11/14/98 15:26 ☎ ☒004

Rather than requiring petitioners to risk disclosing confidential information, by amending § 848(q)(9) Congress could have sought to require the court merely to consider carefully the need for confidentiality before conducting private funding proceedings. As petitioner points out, courts often determine whether information must be protected from disclosure to a party's opponent in confidential proceedings without the opponent's participation. See, e.g., United States v. Zolin, 491 U.S. 554, 568 (1989) (ex parte, in camera review of documents to determine if crime/fraud exception to attorney-client privilege applies); Pollard v. F.B.I., 705 F.2d 1151, 1153 (9th Cir. 1983) (ex parte, in camera review of documents to evaluate government's privilege claim under Freedom of Information Act).

Third, allowing respondent to participate would not increase efficiency, as respondent contends. To the contrary, turning each request to proceed privately into an adversarial contest would increase the time everyone concerned, including the court, would have to spend on the case. For these reasons, the court concludes that it is not required to permit respondent to participate in determining the need for confidentiality.

Nonetheless, the court is concerned that a purely private approach might potentially be inconsistent with Congress' intent. Congress' amendment of § 848(q)(9) appear to evince a concern about the expenditure of considerable amounts of public funds in private proceedings. The amendment appears to attempt to balance the public's right to know about allocation

[THU]10.15.96 14:30 ST. 14:14/NO. 4560050171 P 25

FROM CALIFORNIA APPELLATE PROJECT

of its resources against the indigent petitioner's interest in conducting the litigation in the same manner, so far as possible, as a litigant who could afford private counsel. See United States v. Sanders, 459 F.2d 1001, 1002 (9th Cir. 1972). (funding statutes designed to put indigent defendants in same position as those who can afford counsel). Requiring petitioner to make the request publicly would advance the Congressional purpose by ensuring that at least the fact of the request is public. See Gordon v. Vasquez, 859 F.Supp. 413, 415 (E.D.Cal. 1994) (while amount and use of §848(q) funds must be considered ex parte, the fact that such funds are sought need not be held in confidence).

Accordingly, the court finds that the following procedures will best balance all of the interests involved. If petitioner desires his funding requests to be considered in confidence, petitioner must file and serve upon respondent a public request for funds and make his good cause showing of the need for confidentiality. At the same time petitioner must lodge ex parte and sealed his application for funds and supporting materials. Petitioner must serve his request, but not the supporting material, upon respondent. Upon receipt of these materials, the court will review petitioner's showing of need for confidentiality, and the supporting documents where relevant. Respondent will not be given an opportunity to respond unless the court so orders.

If petitioner has established good cause for confidentiality, the court will seal the application and supporting materials and proceed to consider the merits. If

-15-

1  petitioner has not established good cause for confidentiality,
2  the court will, at petitioner's option, either return the
3  unfiled funding application to petitioner or file the funding
4  application publicly and order petitioner to serve respondent.
5      E.    STATUTE OF LIMITATIONS
6      The court next turns to the statute of limitations, 28
7  U.S.C. § 2244(d)(1). The court must determine whether the new
8  limitations period applies to this action and affects the
9  filing date for the petition.
10     The analysis of Congressional intent with respect to the
11 temporal reach of 21 U.S.C. § 848(q)(9) (supra at pps. 9-12)
12 applies equally to 28 U.S.C. § 2244(d): Congress did not
13 express an intent as to § 2244(d)'s retrospective application.
14 Accordingly, the court must proceed to the second step in the
15 Landgraf analysis and determine whether application of
16 §2244(d) here will have an impermissible retroactive effect.
17 If there is no such effect and the statute applies to this
18 case, the court then must address whether it is subject to
19 equitable tolling as petitioner urges.
20         1.   **Meaning of "Application for a Writ of Habeas Corpus"**
21
22              a.   **Overview and Contentions**
23     A threshold question is the meaning of the term
24 "application for a writ of habeas corpus" in § 2244(d).
25 Petitioner asserts that Congress intended to equate
26 "application" to a petitioner's request for appointment of
27 counsel and stay of execution. See N. Dist. Local Rule 296-
28 8(b)&(c). If petitioner is correct, then the court need not

then petitioner's counsel was on notice that the court intended to apply § 2244(d), eliminating any uncertainty. However, after September 6, petitioner's counsel still had to prepare briefs and prepare for the hearing. As noted, this constitutes a separate basis for tolling.

Accordingly, the court finds it appropriate to toll the statute of limitations an additional 132 days -- from July 10, 1996, until the November 19, 1996, hearing. This brings to 186 the total number of days of tolling. Thus the petition is presumptively due a reasonable time -- one year -- from October 27, 1996.[17]

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. 21 U.S.C. § 848(q)(9), as amended by the 1996 Antiterrorism and Effective Death Penalty Act, is applicable to this case. Petitioner shall comply with amended 21 U.S.C. § 848(q)(9) when filing all future applications for investigative and expert funds. In particular, if petitioner wishes his applications for funds to be considered ex parte

---

[17] 28 U.S.C. § 2244(d)(1) contains several possible dates on which the one-year period for filing the application may begin to run, including the date of the conclusion of direct review [subsection (A)], the date on which an impediment to filing created by unconstitutional State action is removed [subsection (B)], the date on which a retroactively applicable constitutional right is recognized by the Supreme Court [subsection (C)], or the date on which the factual predicate of the claim could have been discovered [subsection (D)]. The parties do not appear to contend that anything but subsection (A) is applicable here. Should either party determine that a different subsection is applicable and affects the presumptive filing date, the party may bring that contention to the court's attention by motion.

and under seal, petitioner shall observe the following procedures:

    a. Petitioner shall file and serve upon respondent a request for funds pursuant to 21 U.S.C. § 848(q) and, if he desires, the request shall include a proper showing of the need for confidentiality of the application, supporting materials, and order.

    b. Concurrently with the filing of the request, petitioner shall submit to the court, but not serve, the application and supporting materials under seal.

    c. If, upon consideration of the request, the court determines that a proper showing justifying confidentiality has not been made, the court will allow petitioner to withdraw the material submitted but not served or proceed to consider petitioner's request and order petitioner to serve all materials. If the court concludes that petitioner has established good cause for confidentiality, the court will consider the merits of the application and supporting materials ex parte and under seal.

    2. The one year limitations period of 28 U.S.C. § 2244(d) is applicable to this case and began to run on April 24, 1996. The statute is subject to equitable tolling for a total of 186 days. The petition is presumptively due no later than October 27, 1997. Should either party determine that 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D), is applicable and affects the presumptive filing date, the party may bring that contention to the court's attention by motion.

11/14/98  15:28  ☎                                                    ☒009

1 | IT IS SO ORDERED.

2 | DATED: December 20, 1996

3 |
4 |                    *[signature]*
5 |                    SAUNDRA BROWN ARMSTRONG
                       United States District Judge
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

-38-