UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
ENTERED
APR 1 3 1999
MICHAEL N. MILBY, CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENNIS THURL DOWTHITT, § | |
|    Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-98-3282 |
| § | |
| GARY L. JOHNSON, Director, § | |
|    Respondent. § | |

## ORDER FOR DISCOVERY

This habeas petition is before the Court on Respondent Gary Johnson's Motion for Discovery [Doc. # 32], to which Petitioner Dennis Thurl Dowthitt has filed his opposition. The Court has thoroughly reviewed Respondent's Motion, Petitioner's response, and the governing legal authorities. Based on this review, the Court grants Respondent's Motion subject to the conditions set forth herein.

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a); *Martinez v. Johnson*, 104 F.3d 769, 773 (5th Cir.), *cert. denied*, 118 S. Ct. 195 (1997). A party seeking discovery under Rule 6(a) must make specific factual allegations which establish good cause for permitting the requested discovery. *Bracy v. Gramley*, 520 U.S. 899, ___, 117 S. Ct. 1793, 1799 (1997); *Harris v. Johnson*, 81 F.3d 535, 540 (5th Cir.), *cert. denied*, 517 U.S. 1227 (1996).

Respondent seeks production of (1) Petitioner's military records, portions of which have been offered by Petitioner in support of his mental health claim; (2) Petitioner's *ex parte* state habeas requests for funding which were allegedly denied or granted in an inadequate amount, which are relevant to Petitioner's argument that the state habeas court's decision is not entitled to deference under the Antiterrorism and Effective Death Penalty Act because Petitioner was not permitted to develop factually his claims in state court; (3) state trial counsel's file, which is relevant to Petitioner's allegations of ineffective assistance of counsel; and (4) reports of Petitioner's expert witnesses, which are necessary to enable Respondent to obtain, if necessary, his own expert witnesses. Respondent has explained clearly the relevancy of each request and has advised the Court that attempts to obtain the requested production through other means have been unsuccessful. The Court concludes that Respondent has shown good cause for the requested discovery.

**IT IS HEREBY ORDERED** that Respondent's Motion for Discovery [Doc. # 32] is **GRANTED**. Petitioner shall make the following documents available for inspection and copying by Respondent's counsel, at Respondent's expense:

1. Petitioner's complete military records to the extent they are in the actual or constructive possession of Petitioner, his state habeas counsel, or his federal habeas counsel;

2. All records of any *ex parte* proceedings conducted in the Court of Criminal Appeals regarding Petitioner's state habeas application which are in the actual or constructive possession of Petitioner, his state habeas counsel, or his federal habeas counsel;

3.  Trial Counsel's entire file; and

4.  All reports produced or to be produced by experts retained by Petitioner's trial, state habeas, or federal habeas counsel which are referred to in Petitioner's Amended Petition. If any expert has not yet provided a written report, Petitioner must obtain a written report from that expert within thirty days of entry of this Order for Discovery and make the report available to Respondent's counsel for inspection and copying, at Respondent's expense.

**IT IS FURTHER ORDERED** that Respondent shall file his Response to Petitioner's Amended Petition on or before July 19, 1999.

SIGNED this 13th day of April, 1999, at Houston, Texas.

_____
NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

3