IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 1 5 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| DENNIS THURL DOWTHITT, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-98-3282 |
| § | |
| GARY L. JOHNSON, Director, § | |
| Respondent. § | |

# ORDER

This capital habeas case is before the Court on Petitioner Dennis Thurl Dowthitt's "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" ("Motion") [Doc. # 71]. Petitioner asks the Court to withdraw its denial of a Certificate of Appealability. The Motion reflects habeas counsel's continued inability or refusal to view the record accurately.[1]

Petitioner states that the Court should have considered "excluded evidence," including certain exhibits proffered during the evidentiary hearing. The Court in its Memorandum and Order issued January 27, 2000 ("Opinion") [Doc. # 68], clearly considered each of the matters described by Petitioner. Specifically, the Court considered Delton Dowthitt's alleged

---

[1] An egregious example of habeas counsel's mischaracterization of the record is found at page 12 of the Motion. Initially, counsel inaccurately states that "this Court based her decision that Petitioner is not innocent *purely* on the testimony of Delton Dowthitt at the hearing." Motion, at 12 (emphasis added). Habeas counsel then purports to quote from the Opinion as follows:

> The Court finds without reservation that Delton has not only confessed or otherwise recanted his trial testimony, . . .

The Court in its Opinion, however, wrote that the "Court finds without reservation that Delton has not confessed or otherwise recanted his trial testimony, . . . ." Opinion, at 12.

statements to David Tipps at page 11 of the Opinion, considered the alleged attempted rape of Jamie Havard at pages 18-19 of the Opinion, considered the alleged stabbing of "Duke" (last name still unknown) at page 18, footnote 17 of the Opinion, and considered the alleged request to find a homeless person to kill at page 29 of the Opinion. Additionally, Petitioner mischaracterizes the purpose of the evidentiary hearing, which was held to determine if Delton was now admitting that he murdered Gracie. Delton's current testimony was relevant to Petitioner's claim of actual innocence. The Court did not order Delton to testify during the evidentiary hearing in order to permit Petitioner to retry credibility issues which had already been assessed by the trial jury.

Petitioner also complains that the Court improperly discounted Dr. Sultan's declaration because Dr. Sultan "did not list the video-tape" as part of the material Dr. Sultan reviewed. Motion, at 11. Petitioner's habeas counsel states that she "spoke with Dr. Sultan on February 9, 2000, and Dr. Sultan confirmed that she did review the video-tape (and the transcript) of Petitioner's interrogation but neglected to list it as part of the records reviewed." *Id.* Although the Court sympathizes with the intense desire of habeas counsel and Dr. Sultan to avoid Petitioner's sentence of death, the Court must reject habeas counsel's current representation of Dr. Sultan's recent statement as contrary to Dr. Sultan's statement in her declaration. *See* Sultan Declaration, Exh. 57 to Petition, at 4 ("I have yet to fully review the videotapes and records which are still be [*sic*] located and gathered . . ..").[2]

---

[2] The Court notes that even if Dr. Sultan did review the videotapes and was incorrect when she stated in her Declaration that she had not, the Court's decision on the merits of Petitioner's claims would remain the same.

Petitioner again claims entitlement to a full evidentiary hearing on his allegations because the state habeas application was decided on the basis of affidavits. As discussed in the Court's Opinion, however, a court may properly decide factual matters on the basis of affidavits where, as here, no admissible evidence is presented to contradict the affidavits on which the court relies.[3] *See* Opinion, at 5 n.4 (citing *Green v. Johnson*, 160 F.3d 1029, 1046 (5th Cir.1998), *cert. denied*, 119 S. Ct. 1107 (1999)). Petitioner's counsel in this federal habeas proceeding has asserted various unsupported allegations without proper evidentiary support and has requested a full evidentiary hearing to test the validity of these speculative allegations. This is an inadequate basis on which to obtain an evidentiary hearing. *See* Opinion, at 6 (citing *Breathard v. Johnson*, 177 F.3d 340, 349 (5th Cir.), *cert. denied*, 120 S. Ct. 380 (1999), and *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1578 (1999)).

Petitioner also complains that the state habeas court adopted the findings of fact prepared by the State. Petitioner's reliance on *Anderson v. City of Bessemer City*, 470 U.S. 564, 572 (1985), is misplaced because the state habeas court's findings were not mere conclusory statements and were fully supported by citations to the record.

The Court has carefully reviewed Petitioner's Motion and finds it lacks merit. Moreover, despite the high stakes involved in this case, the Court cannot conclude that the issues are ones which are debatable among jurists of reason, which could be resolved differently by different courts, or on which Petitioner deserves encouragement to proceed in

---

[3]  This Court again emphasizes that it does not approve of paper hearings by state habeas courts when there is properly-admitted evidence raising true disputes regarding the material facts. In this case, however, there was no such evidence presented by Petitioner.

light of the AEDPA and the actual evidentiary record before the state habeas court, or even the supplemented record considered by this Court. The Court cannot identify an issue as to which Petitioner has satisfied the requirement for a certificate of appealability. Clearly, however, this Court's denial of a certificate of appealability does not affect the Fifth Circuit's ability to revisit the issue on appeal, as is its practice. *See, e.g., Clark v. Johnson*, __ F.3d __, 2000 WL 96038 (5th Cir. Jan. 28, 2000). Accordingly, it is hereby

**ORDERED** that Petitioner's "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" [Doc. # 71] is **DENIED**.

SIGNED this 15th day of February, 2000, at Houston, Texas.

*[signature]*
NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-1998\3282MAA.   000214.0940

4